IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **LAFAYETTE COUNTY, MISSISSIPPI** | **PLAINTIFF** |
| V. | **CASE NO. 3:07CV98** |
| **TOTAL PLAN SERVICES, INC.** | |
| **TRUSTMARK LIFE INSURANCE COMPANY** | **DEFENDANTS** |

### MEMORANDUM OPINION

This cause comes before the court upon the motion [6] of the defendant, Trustmark Life Insurance Company ("Trustmark"), seeking summary judgment.

Facts

Lafayette County brought the instant suit against Trustmark and Total Plan Services, Inc. ("Total Plan") seeking a declaratory judgment that they may void their contract with Trustmark under MISS. CODE ANN. § 25-4-105, for damages under the Mississippi Ethics in Government Act, a constructive trust, and an equitable accounting. Trustmark was previously the group health insurance plan provider for Lafayette County. Total Plan administered the plan. Hugh Gary Massey was the "agent of record" on the policy until he was elected supervisor of Lafayette County. When elected, Ken Nowlin was substituted as the agent of record. Massey and Nowlin subsequently made a secret agreement where a percentage of Nowlin's commissions were diverted to Massey. This arrangement was discovered through an investigation by the Mississippi Auditor's office. Nowlin and Massey were indicted May 31, 2007. Nowlin pled guilty to conspiracy to corruptly accept health insurance payments with the intention to influence a health insurance contract. Massey pled guilty to conspiracy to corruptly accept health insurance

payments with the intention to influence a health insurance contract and corruptly accepting health insurance payments with the intention to influence an insurance contract.

## Analysis

Trustmark seeks summary judgment on four grounds: that (1) Lafayette County lacks standing to bring an action under the Ethics in Government Act; (2) Trustmark did not violate the Ethics in Government Act in its contract with Lafayette County; (3) Lafayette County is not entitled to a constructive trust; and, (4) Lafayette County is not entitled to an accounting.

## Standard of Review

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

## Standing

Trustmark first contends Lafayette County lacks standing under MISS. CODE ANN. § 25-4-105.

The Ethics in Government Act is designed to ensure any holder of a public office upholds

the public trust. MISS. CODE ANN. § 25-4-101. The Mississippi legislature passed a number of statutes to ensure compliance with this principle. Section 25-4-105(1) states, "No public servant shall use his official position to obtain pecuniary benefit for himself other than that compensation provided for by law, or to obtain pecuniary benefit for any relative or any business with which he is associated." MISS. CODE ANN. § 25-4-105(1). Subsection (2) of the statute states, "No public servant shall be interested, directly or indirectly, during the term for which he shall have been chosen, or within one (1) year after the expiration of such term, in any contract with the state, or any district, county, city or town thereof, authorized by any law passed or order made by any board of which he may be or may have been a member." MISS. CODE ANN. § 25-4-105(2).

It is undisputed for the purposes of this motion that Massey's agreement with Nowlin violated both of these provisions. Section 25-4-107 states actions for violations of the Act may only be brought by the Mississippi Ethics Commission or the district attorney of the county in which the alleged violation occurred. MISS. CODE ANN. § 25-4-107. However, MISS CODE ANN. § 25-4-113 authorizes "[t]he attorney general of the state of Mississippi or any governmental entity directly injured by a violation of this act . . . [to] bring a separate civil action against the public servant or other person or business . . . for recovery of damages suffered as a result of such violation."

In this instance Lafayette County brought suit. Both parties agree that under MISS. CODE ANN. § 25-4-113, Lafayette County can bring actions for damages. Trustmark reads the statute, however, as prohibiting suit under MISS. CODE ANN. § 25-4-105. Lafayette County conversely reads the section to confer the right to sue under any provision of the Ethics in Government Act.

Section 25-4-105, subsection (7) provides that a violation of that section allows for civil punishment "as provided for in Sections 25-4-109 and 25-4-111." MISS CODE ANN. § 25-4-15

(citing MISS. CODE ANN. §§ 25-4-109 & 25-4-111). These two sections provide for censure, removal from office, fines, and other related punishments. MISS. CODE ANN. §§ 25-4-109 & 25-4-111. In seeking these civil punishments only the Mississippi Ethics Commission or the county district attorney can bring action. MISS. CODE ANN. § 25-4-107. However, MISS. CODE ANN. § 25-4-113 authorizes a civil action seeking damages.

Mississippi courts have yet to definitively rule on the interplay of these two sections. In *Towner v. Moore ex rel. Quitman County School Dist.*, the Mississippi Supreme Court held an action under MISS. CODE ANN. § 25-4-105 could only be brought by the Mississippi Ethics Commission or the district attorney. *Towner*, 604 So. 2d 1093, 1097 (Miss. 1992). They additionally held actions for damages under MISS. CODE ANN. § 25-4-113 could only be brought by the attorney general or the governmental entity directly injured. *Id*. In *Towner*, the Supreme Court allowed actions brought both for civil penalties and for damages to be joined. *Id*. The court does not address whether the damages sought were to be recovered under MISS. CODE ANN. § 25-4-105. However, the court indicates the difference in the two joined actions is the burden of proof required and the remedy allowed. *Id*. The court states the claims come from the same occurrence. *Id*. Thus under MISS. CODE ANN. § 25-4-105, Towner could face a civil fine or removal from office and Towner could be liable for damages under MISS. CODE ANN. § 25-4-113 for violations of MISS. CODE ANN. § 25-4-105.

Implicit in this ruling is that the legislature provided a vehicle under MISS. CODE ANN. § 25-4-113 for any injured governmental entity to bring a suit for damages when MISS. CODE ANN. § 25-4-105 is violated. Lafayette County thus has standing to seek damages under the statute.

Additionally, Miss. Code Ann. § 25-4-105(6) states, "Any contract made in violation of this section may be declared voided by the governing body of the contracting . . . authority of the

governmental subdivision . . . and the contractor or subcontractor shall retain or receive only the reasonable value, with no increment for profit or commission." This subsection does not give the governmental entity authority to bring a cause of action. However, the instant proceeding seeks a declaratory judgment on Lafayette County's ability to declare the contract with Trustmark void. As such no cause of action language is necessary. Instead Lafayette County simply seeks to call upon the power of the court to rule as to what rights the statute confers on them.

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interest party seeking such declaration." 28 U.S.C. § 2201(a). Here Trustmark disputes Lafayette County's right to void their contract. This creates an actual controversy which this court has the power to rule upon. As it relates to the declaratory judgment portion of the suit, the Act gives Lafayette County standing to bring an action to determine its rights under the state statute.

Section 24-4-113 gives Lafayette County standing to bring suit for damages under MISS. CODE ANN. § 25-4-105. The Declaratory Judgment Act gives Lafayette County standing to bring suit to determine its rights under MISS. CODE ANN. § 25-4-105.

### Agency

Trustmark next argues they did not violate MISS. CODE ANN. § 25-4-105. Trustmark asserts they were not a party to the agreement between Massey and Nowlin. Lafayette County asserts Trustmark is liable because Nowlin was Trustmark's agent.

Trustmark denies liability for Nowlin's actions because (1) the statute does not provide for vicarious liability; and, (2) Nowlin was acting outside the scope of his employment when he made the agreement with Massey.

Section 25-4-105 does not make specific reference to vicarious liability. MISS. CODE. ANN. § 25-4-105. However, "Mississippi recognizes the well-established principle that the general law of agency applies to insurers' relationships with their agents." *Andrew Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172, 1180 (Miss. 1990) (citing *Ford v. Lamar Life Ins. Co.*, 513 So. 2d 880, 888 (Miss. 1987); *Southern United Life Ins. Co. v. Caves*, 481 So. 2d 764, 766 (Miss. 1985)). By statute, Mississippi law similarly provides "every person who solicits insurance on behalf of any insurance company or who undertakes or transmits an application for insurance or who shall receive or deliver a policy of insurance of any such company, whether any such acts shall be done at the instance or request or by the employment of the insurance company, shall be held to be the agent of the company for which the act is done." MISS. CODE ANN. § 83-17-1.

> The liability of an employer for the intentional or wilful acts of his employee, or those which amount to a crime, when such acts are done in the prosecution of the employer's business and within the scope of the employee's authority, seems definite and certain. . . . 'It is a well settled rule that the mere circumstance that the tortious act of an employee amounts to a crime does not preclude a person to whom injury has been occasioned by its commission from maintaining a civil action against his employer for injuries resulting from such criminal act. The test of liability is the same as in cases where a noncriminal act is involved; the act must have been one authorized by the employer prior to its commission, ratified after its commission, *or committed within the scope of the employment*. The rule is not varied by the fact that the employee has been punished criminally for the offense.'

*Horton v. Jones*, 44 So. 2d 397, 399-400 (Miss. 1950) (internal citations omitted) (emphasis in original); *see also Partrige v. Harvey*, 805 So. 2d 668, 670-672 (Miss. Ct. App. 2002). "Even though the conduct of the servant was unauthorized, it is still [with]in the scope of his employment, if it is of the same general nature of, or incidental to, the conduct authorized." *Id*. at 400 (citing *Loper v. Yazoo & M.V.R. Co.*, 145 So. 743 (Miss. 1933)); *see also Benjamin v. Cornwell Well Service*, 836 So. 2d 792, 793 (Miss. Ct. App. 2002) ("In order for the master to

escape liability, it must be shown that the servant, when the wrongful act was committed, had abandoned his employment and gone about some purpose of his own not incident to his employment"). This is true even if the employee exceeded his authority as long as time or logical sequence do not show the event was outside the scope of employment. *Id.* (citing *Interstate Co. v. McDaniel*, 173 So. 165 (Miss. 1937)). In fact, Mississippi courts have often found employers liable for the intentional torts of their employees. *See, e.g. Partrige*, 805 So. 2d 668 (finding a material question of fact existed as to a rental company's liability for its employee breaking and entering a home to repossess merchandise even where the employee stole other items); *Continental Cas. Co. v. Garrett*, 161 So. 754 (Miss. 1937) (holding employer liable for insurance agent calling elderly insured a "liar" and accusing him of fraud); *Singer Sewing Mach. Co. v. Stockton*, 157 So. 366 (Miss. 1934) (holding employer liable for sewing machine salesman's misconduct in attempting to seduce a married woman); *Alden Mills v. Pendergraft*, 115 So. 713 (Miss. 1928) (holding employer liable for foreman's assault of a laborer).

The court finds the agency theory of liability does apply to violations of MISS. CODE ANN. § 25-4-105.

Trustmark argues even if they can be liable for acts of their agent, Nowlin was outside the scope of his employment when he entered the agreement with Massey. Nowlin entered into the agreement doubtlessly for his own benefit. However, there is a material question of fact as to whether he also entered into the agreement for the benefit of Trustmark. Trustmark argues Nowlin entered the agreement so he might receive commissions that could have gone to any agent of Massey's choosing. Lafayette County argues the agreement was broader. They allege the agreement also contemplated Massey continuing the contract with Trustmark through the use of his public office. If true this would show Nowlin was acting within the scope of his

employment by selling an insurance policy. Selling insurance was the entire basis of Nowlin's relationship with Trustmark. There is a question of material fact as to whether Nowlin was selling insurance when he made the illegal agreement. Under the agency theory in Mississippi law, Trustmark can be liable if Nowlin was selling insurance even where Trustmark lacked knowledge of the illegal agreement.

Trustmark counters that Massey was never the deciding vote in approving the contract and the contract was continued even after Massey was no longer a member of the Board of Supervisors. This is certainly evidence Trustmark would have gotten the contract even without the actions of Nowlin and Massey. However, the effectiveness of Massey's actions is not in issue. The issue is whether the subjective belief of Nowlin that Massey could deliver is enough for liability to attach. This subjective belief would show Nowlin's intention in entering the agreement was at least in part in order to continue to sell a Trustmark policy in violation of the law.

Summary judgment is improper as a question of material fact exists as to whether the agreement between Massey and Nowlin included Massey's attempt to influence the awarding of the contract to Trustmark.

## Constructive Trust

Trustmark next asserts Lafayette County is not entitled to a constructive trust.

A constructive trust is an invention of equity where "one who unfairly holds a property interest may be compelled to convey that interest to" a party justly entitled to the property. *In re Estate of Horrigan*, 757 So. 2d 165, 170 (Miss. 1990) (citing *Allgood v. Allgood*, 473 So. 2d 416 (Miss. 1985); *Sojourner v. Sojourner* 153 So. 2d 803, 807 (Miss. 1963)). A constructive "trust arises by implication from the relationship and conduct of the parties." *Id*. (citing *Saulsberry v.*

*Saulsberry*, 78 So. 2d 758, 761 (Miss. 1955)). In order to establish a trust "[s]ubstantial overreaching or fraud must be shown." *Id*. (citing *Pitchford v. Howard*, 45 So. 2d 142, 147 (Miss. 1950). "It is the relationship plus the abuse of confidence imposed that authorizes a court of equity to construct a trust for the benefit of the party whose confidence has been abused." *Id*. (citing *Lipe v. Souther*, 80 So. 2d 471, 471 (Miss. 1955)). The party seeking a constructive trust has the burden of showing by clear and convincing evidence their entitlement to its imposition. *Id*. (citing *Shumpert v. Tanner*, 332 So. 2d 411, 412 (Miss. 1976); *Saulsberry v. Saulsberry*, 100 So. 2d 593, 600 (Miss. 1958)).

As discussed in the previous section of this opinion, there is a material question of fact as to whether Trustmark, through its agent Ken Nowlin, violated the Ethics in Government Act. If Nowlin's illicit acts allowed Trustmark to acquire legal title to monies justly belonging to Lafayette County, then Lafayette County may be able to establish the need for a constructive trust. Therefore there is a genuine issue of material fact as to whether Lafayette County is entitled to a constructive trust. Summary judgment is inappropriate in this circumstance.

The United States Supreme Court, however, has ruled that equitable remedies are only available in "the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-510 (1959)). Lafayette County is entitled to sue for damages under MISS. CODE ANN. § 25-4-113. Lafayette County has not fully explained the need for a constructive trust in light of their ability to collect damages. As such, the court is uncertain of the benefit of a constructive trust or how the remedy at law is inadequate. The court denies the motion at this stage, but will entertain further argument should this action proceed to trial.

Accounting

Finally, Trustmark contends Lafayette County is not entitled to an accounting.

An accounting requires the consideration of three factors: "(1) the need of discovery, (2) the complicated character of the accounts, and (3) the existence of a fiduciary or trust relation." *Re/Max Real Estate Partners, Inc. v. Lindsley*, 840 So. 2d 709, 712 (Miss. 2003) (citing *Henry v. Donovan*, 114 So. 482, 484 (Miss. 1927)). A plaintiff must show "'an accounting is necessary to determine the amount due by the defendant." *Id*. (citing *Henry*, 114 So. at 484).

At this point Lafayette County can not establish a fiduciary relationship exists between the parties. However, a finding by the court that Lafayette County is entitled to a constructive trust would create a fiduciary relationship.

There is an additional question about Lafayette County's need for discovery and the complicated character of the accounting in question. The instant motion was filed nearly ten months prior to the close of normal discovery procedures. Discovery procedures have generally eliminated the need for accounting actions. *See Dairy Queen, Inc.*, 369 U.S. at 478. Until the parties have completed the discovery process it is impossible to determine if discovery mechanisms are unable to uncover the relevant information. As such, the court finds the request for summary judgment premature. Once the parties have had the opportunity to finish the discovery process and evaluate the information before them, a like motion would be timely.

## Conclusion

Trustmark's motion for summary judgment is DENIED.

This the 4th day of September, 2008.

/s/ MICHAEL P. MILLS  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF MISSISSIPPI