IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LAFAYETTE COUNTY, MISSISSIPPI                    PLAINTIFF

V.                                               CIVIL ACTION NO.
                                                 3:07-CV-98-M-A

TOTAL PLAN SERVICES, INC. AND
TRUSTMARK LIFE INSURANCE COMPANY                 DEFENDANTS

ORDER

The plaintiff Lafayette County, Mississippi requests the court to compel defendant Total Plan Services, Inc. to fully respond to the plaintiff's interrogatory and to produce requested documents [docket no. 38]. In its initial response to the plaintiff's interrogatories and requests for production, the defendant generally objected on grounds that the requests are excessive and seek information that is irrelevant or not likely to lead to the discovery of admissible evidence. Further, the defendant contended that some of the information sought was subject to the work product privilege and or the documents were not kept in the normal course of business. The defendant has not filed a response to the plaintiff's motion to compel.

The plaintiff brought this case against the defendant and its co-defendant following guilty pleas entered by the former President of Lafayette County Board of Supervisors and the County's former health insurance agent admitting that the two had engaged in a conspiracy to split the agent's commissions allegedly earned under defendant's health insurance plan from 1997 through 2004. The plaintiff contends that the health insurance contracts entered into with the defendant are void pursuant to Miss. Code Ann. § 25-4-105(6). Further, the plaintiff contends that § 25-4-105 entitles it to all of defendants' profits earned from the contracts.

In general, § 25-4-105 prohibits public servants from certain activities and business relationships that would allow the public servant to use his official position to obtain any pecuniary benefits, outside of his official compensation, for himself, his family members or any associated business. The statute also provides that any contract made in violation of the statute may be declared void by the governing body of the contracting authority, the governmental subdivision or a court of competent jurisdiction. In addition, the contractor or subcontractor "shall retain . . . only the reasonable value, with no increment for profit or commission, of . . . the services furnished prior to the date of receiving notice that the contract has been voided." *Id.*

The grounds for objecting to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4). It is well settled in federal law that general objections, such as that the interrogatories are burdensome, irrelevant, immaterial, oppressive, conclusory or already in the requesting party's possession, are insufficient. *Bailey v. Lockheed Martin Corporation*, 2006 WL 1666275, 1 (S.D. Miss. 2006) (internal citations omitted). The courts should not dispose of interrogatories on the basis of broad generalizations as all interrogatories are burdensome and expensive to some degree. *Carr v .Conoco Plastics*, 1969 WL 104, 2 (N.D. Miss. 1969), citing 4 Moore's Federal Practice § 33.20 at 2366, *et seq*. The objection must make a specific showing as to why the interrogatory should not be answered. *Bailey*, 2006 WL 1666275 at 1.

The work product privilege applies to documents prepared by or for an attorney in anticipation of litigation. *Dunn v. State Farm Fire & Cas. Co.*, 927 F. 25 869, 875 (5th Cir. 1991); *See* RULE 26(b)(3)(A) of the FED.R.CIV.P. In the Fifth Circuit, the law can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the documents is to aid in possible future litigation. *In re Kaiser Aluminum and Chemical Co.*, 214 F. 3d 586, 593 (Fifth Cir. 2000). A party withholding information claimed privileged, however,

is required to submit a privilege log that contains at least the following information: the name of the document; description of the document; date; author(s); recipient(s); and nature of the privilege. Rule 26.1(A)(c) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI. Failure to provide the required log subjects the withholding party to sanctions under Rule 37 and may be viewed as a waiver of the privilege. *Id.*

The plaintiff propounded the following interrogatory and requests upon the defendant, which are followed by defendant's responses:

**Interrogatory No. 15:** Please state the amount of the profit earned or loss sustained by you under the subject group health insurance contract for each policy year since January 1996. In doing so, please specify the method used in making such determination, including all calculations.

**Response to Interrogatory No. 15:** Objection. Defendant Total Plan Services, Inc. Objects to this interrogatory on the grounds that it is so excessive in scope that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff seeks information that is protected by the work-product privilege and forces Defendant to create information that is not kept in the normal course of business.

**Request No. 13:** Please produce a copy of all documents reflecting profits and/or losses earned under the subject group health insurance contract for each year from January 1996 to the present.

**Response to Request No. 13:** Objection. Defendant Total Plan Services, Inc. objects to this request on the grounds that it is so excessive in scope that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Also, this request seeks information that is protected from disclosure by the work-product privilege. Furthermore, it requires Defendant to create documents that were not kept in th normal course of business.

**Request No. 15:** Please produce a copy of all reports, memoranda, and other documents reflecting reviews and analysis of the profitability of the subject group health insurance contract entered into with Lafayette County, Mississippi during the years 1998 through 2007.

**Response to Request No. 15:** Objection. This request seeks information that is neither relevant nor reasonable [sic] calculated to lead to the discovery of admissible evidence.

Under Mississippi law, a contract entered into as the result of a public servant's prohibited behavior is voidable, and the contractor may be disgorged of any profit it obtained from that contract. *See* Miss. Code Ann. § 25-4-105(6). Consequently, information regarding profit that the defendant may have obtained from the contracts with the plaintiff are clearly relevant to a claim under this statute. Defendant's objections based on excessiveness and irrelevance are without merit; the information is plainly discoverable. The defendant's objections based on the work product doctrine are generalized and not persuasive. If these documents were created in the normal course of business, which is a reasonable assumption, the work product doctrine is not applicable because they were not prepared in anticipation of litigation. Further, even if these documents were prepared in anticipation of litigation, the defendant's failure to both respond to the plaintiff's motion to compel and abide by the Local Rules by submitting a privilege log leads the court to find that the defendant has waived any work product protections. Finally, the court is not persuaded by the bare statement that the defendant does not produce any documents regarding the profit and loss analysis in the normal course of business. The admissibility of any evidence in this case will be determined at a later date by the trier of fact.

In addition to the above described requests for documents, plaintiff requested the following, which are followed by defendant's responses:

**Request No. 8:** Please produce a copy of all documents, including notes correspondence, e-mails, etc. sent by or received by you to Defendant Trustmark Life insurance Company, Ken Nowlin, Nowlin Insurance Agency (and its employees) pertaining to the Plainitff's policy of insurance with Trustmark..

**Response to Request No. 8:** Objection. Defendant Total Plan Services, Inc. objects to this request on the grounds that it is excessive in scope that seeks to [sic] information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 16:** Please produce a copy of all documents reflecting communications to or from Trustmark Life Insurance Company or Ken Nowlin and the Ken Nowlin Insurance agency regarding the amount of premiums to be charged under the subject group health insurance contract entered into with Lafayette County Mississippi from January 1, 1998 through July 2007.

**Response to Request No. 16:** Commissions paid to Ken Nowlin for Lafayette County were set by Trustmark and equivalent to the rates being paid to agents and general agents by other group health carriers in the Mississippi market.

The court interprets Request Number 8 as seeking only communications between Trustmark and Total Plan and/or Ken Nowlin for the designated period which relate to sales, renewal, commissions and plan details of the group health insurance plan for Lafayette County. Thus construed, the request is not unreasonable. As to Request Number 16 the court finds the defendant's answer lacking. At the heart of this issue is the insurance plan that Nowlin sold to the plaintiff; thus the commission that Nowlin received as a result of his sales of the group health plan is relevant. Although Trustmark Life Insurance Company paid the commission, the defendant's response indicating that it was "equivalent to rates being paid to agents and general agents by other group health carriers in the Mississippi market" suggests that the defendant Total Plan Services has knowledge of the actual commission paid to Nowlin; indeed, the court would find it difficult to believe that it does not have such knowledge. Therefore, to the extent that documents exist relating to the commissions to be paid to Nowlin, the plaintiff is entitled to those documents. The admissibility of any evidence in this case will be determined at a later date by the trier of fact.

For these reasons, it is

ORDERED

That plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART as

detailed above. The defendant shall fully respond to plaintiff's Interrogatory No. 15, and Requests Nos. 8, 13, 15 and 16 by September 30, 2008.

This the 8th day of September, 2008.

    /s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE