IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **LAFAYETTE COUNTY, MISSISSIPPI** | **PLAINTIFF** |
| V. | **CASE NO. 3:07CV98** |
| **TOTAL PLAN SERVICES, INC.**<br>**TRUSTMARK LIFE INSURANCE COMPANY** | **DEFENDANTS** |

### ORDER

This cause comes before the court on the motion [147] of plaintiff, Lafayette County, Mississippi, to disclose a portion of the grand jury proceeding in the criminal matter that underlies this civil action.

Lafayette County brought the instant suit against defendants, Total Plan Services, Inc. ("Total Plan") and Trustmark Life Insurance Company ("Trustmark"), seeking a declaratory judgment that it may void its contract with Trustmark under MISS. CODE ANN. § 25-4-105, for damages under the Mississippi Ethics in Government Act, a constructive trust, and an equitable accounting.

Trustmark was previously the group health insurance plan provider for Lafayette County. Total Plan administered the plan. Hugh Gary Massey was the "agent of record" on the policy until he was elected supervisor of Lafayette County. When elected, Ken Nowlin was substituted as the agent of record. Massey and Nowlin subsequently made a secret agreement where a percentage of Nowlin's commissions were diverted to Massey. This arrangement was discovered through an investigation by the Mississippi Auditor's office. Nowlin and Massey were indicted May 31, 2007. Nowlin pled guilty to conspiracy to corruptly accept health insurance payments

with the intention to influence a health insurance contract. Massey pled guilty to conspiracy to corruptly accept health insurance payments with the intention to influence a health insurance contract and corruptly accepting health insurance payments with the intention to influence an insurance contract.

Lafayette County now seeks all documents produced by Total Plan in response to subpoenas issued in the criminal matter and the transcripts of the grand jury testimony of Carroll Stewart, Total Plan's representative, Massey, and Nowlin.

The United States opposes this motion only to the extent it requests permission to return the sought documents to their original owner instead of turning them directly over to Lafayette County. Total Plan does not oppose the release of the grand jury transcripts. It does, however, oppose the release of its documents. It requests the court to have the documents returned and then it will produce the documents through normal discovery procedures.

Federal Rule of Criminal Procedure 6(e)(3)(C)(E)(i) provides that a court may authorize disclosure of grand jury proceedings if the matter is "in connection with a judicial proceeding." Because of the need for secrecy in grand jury proceedings this rule has been interpreted to require the party seeking disclosure to demonstrate a particularized need for the material sought. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). Thus parties seeking grand jury proceedings be disclosed must show

> that the material they seek is needed to avoid a possible injustice in
> another judicial proceeding, that the need for disclosure is greater than the
> need for continued secrecy, and that their request is structured to cover
> only material so needed.

*Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). The final

decision of whether to allow grand jury proceedings to be disclosed is a matter left squarely within the discretion of a district court. *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993).

In this instance Lafayette County argues failure to disclose the sealed information would cause an injustice because the file sought contains all Total Plan's documentation related to the instant matter. When asked to provide documents through the discovery process Total Plan stated that it could not, because all its files had been given to Trustmark in order to be passed on to the grand jury. Trustmark's representative indicated it did not have any documents previously in the possession of Total Plan and likely never had such. As such the court finds that disclosure of any document Total Plan turned over to the government for use in the grand jury is needed in order that the parties be allowed to conduct a search for the truth. Additionally, courts have ruled that such inconsistencies in evidence create a need for the disclosure of grand jury proceedings when that disclosure could settle the inconsistency. *In re Catfish Antitrust Litigation*, 164 F.R.D. 191, 195 (N.D. Miss. 1995)

Secondly, Lafayette County asserts that Nowlin will refuse to give a deposition in this matter unless he is allowed to review his grand jury testimony. The court finds the search for truth is best served by having all persons involved in this matter offer testimony. Thus this argument again weighs in favor of unsealing the grand jury proceedings.

There is a strong need for secrecy in grand jury proceedings. Lafayette County argues the above stated reasons outweigh the need for secrecy in this instance. The Supreme Court has listed a number of factors district courts should consider when weighing the need for disclosure against the need for secrecy.

3

Specifically the court stated that once a proceeding is finished the need for grand jury secrecy is diminished because the underlying policies requiring secrecy are less relevant. *Douglas Oil*, 441 U.S. at 222.  In this matter the investigation is closed, each of the individuals under investigation has been indicted, pled guilty to the charged crime, and been sentenced to a term of incarceration.  In such a circumstance there is no chance an accused may escape punishment by disclosure or that an innocent party under investigation shall have to suffer the indignity of having an ongoing investigation disclosed.  *See id.* at 219 n.10.  Likewise the grand jury has been able to act freely without outside influence or the threat of tampering.  *See id.* Finally, all persons with information regarding these crimes have been free to offer their testimony without fear.  *See id.*  As none of these factors are any longer at play in this matter the justification for ongoing secrecy is low.

Finally, the court must determine if the request for disclosure is structured in a manner to request only the material needed.  It is obvious the Total Plan documents presented to the grand jury and the testimony of Stewart are needed in light of the fact Total Plan claims to have no copies of the relevant information.  Additionally, Nowlin's testimony is needed so that he will cooperate in giving a deposition in this matter.  As such the court will authorize the disclosure of all Total Plan documents and the testimony of Stewart and Nowlin.  However, the court finds that Lafayette County has failed to show a particularized need for Massey's testimony.  Thus the court will deny Lafayette County's request for the disclosure of Massey's testimony.

In order to facilitate this disclosure the court orders the United States and all parties to come to an agreement as to a time and place for the inspection of this material.  This inspection period should start no later than ten days after the entry of this order.  During the inspection

period each party shall have the opportunity to copy, at its own expense, any unsealed documents it wishes to use. The original documents themselves shall be returned to their owner no sooner than fourteen days after originally being made available for inspection.

The motion of Lafayette County to unseal grand jury proceedings is GRANTED IN PART and DENIED IN PART.

This the 12th day of November, 2009.

             **/s/ MICHAEL P. MILLS**
             **CHIEF JUDGE**
             **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF MISSISSIPPI**