# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| **LAFAYETTE COUNTY, MISSISSIPPI** | **PLAINTIFF** |
| V. | **CASE NO. 3:07CV98** |
| **TOTAL PLAN SERVICES, INC.** | |
| **TRUSTMARK LIFE INSURANCE COMPANY** | **DEFENDANTS** |

### MEMORANDUM OPINION

This cause comes before the court on the motion of defendant, Total Plan Services, Inc. ("Total Plan"), for summary judgment.

Plaintiff, Lafayette County, Mississippi, brought the instant suit against defendants Trustmark Life Insurance Company ("Trustmark") and Total Plan seeking a declaratory judgment that it may void its contract with Trustmark under MISS. CODE ANN. § 25-4-105, for damages under the Mississippi Ethics in Government Act, a constructive trust, and an equitable accounting.

Lafayette County's employee health insurance contract was with Trustmark. Total Plan was a third party administrator of that plan. While Total Plan handled all the relations with the County, its only contractual duties were to Trustmark.[1]

Through the end of 1995 Gary Massey served as the agent of record for the County's health insurance plan. At that time Ken Nowlin was the managing agent. In 1995 Massey was elected to the Lafayette County Board of Supervisors. Nowlin then became the agent of record

---

[1] Without pointing to any evidence in the record or making any argument Lafayette County states it contracted with Total Plan. Based on the information available to the court no reasonable jury could make such a determination.

for the plan.  Massey and Nowlin agreed that Nowlin would secretly pay Massey the same commission he was previously receiving.  When Nowlin recieved his twelve percent commission he would pay two thirds of that amount to Massey.  This arrangement was discovered through an investigation by the Mississippi Auditor's office.  Nowlin and Massey were indicted May 31, 2007.  Nowlin pled guilty to conspiracy to corruptly accept health insurance payments with the intention to influence a health insurance contract.  Massey pled guilty to conspiracy to corruptly accept health insurance payments with the intention to influence a health insurance contract and corruptly accepting health insurance payments with the intention to influence an insurance contract.

These relationships are further complicated by the three parties' interactions.  The County's contract was with Trustmark.  However, communication regarding the contract came to the County through Total Plan which engaged in marketing and managing Trustmark products.  Further Total Plan was the County's contact for information regarding its health coverage and the County made payments to Total Plan.  As required by its contract with Trustmark, Total Plan used those payments to pay Nowlin his commission.  The remainder of the payments went to Trustmark.  Trustmark then paid a fee to Total Plan for administering the policy.

Lafayette County settled its claim with Trustmark.  Total Plan seeks summary judgment arguing (1) it is not subject to the Ethics law because it did not contract directly with the County; (2) there is no vicarious liability under the Ethics in Government Act; (3) the County can not prove Total Plan received any monies as a consequence of any action in violation of the statute; (4) even if liability exists the fees paid under the contract were of reasonable value for the service provided and as such are not recoverable; (5) the County is not entitled to a constructive trust; and, (6) the County is not entitled to an accounting.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

The question before the court is whether a third party administrator has liability under the Ethics in Government Act. MISS. CODE ANN. § 25-4-105 imposes liability on subcontractors if they are closely connected to a public servant. That close connection requires something akin to an employee or ownership interest. MISS. CODE ANN. § 25-4-105(3). At a minimum the public servant would have to have a material financial interest in the third party. MISS. CODE ANN. § 25-4-105(4)(c).

No court has yet defined the Act's reach in placing liability on third parties. The Mississippi Supreme Court has recently reaffirmed that it "will not engage in statutory interpretation if a statute is plain and unambiguous." *Dialysis Solution, LLC v. Mississippi State Dept. of Health*, 210 WL 548188, at *6 (Miss. February 19, 2010) (citing *Miss. Methodist Hosp. and Rehab. Ctr.*, 21 So.3d 600, 607 (Miss. 2009)). Therefore this court will rely on the plain language of the statute.

Each of the relationships prohibited in section 25-4-105 deal with a public servant's involvement with a benefitting entity. Total Plan benefitted from the contract in question, but Massey did not have a relationship with Total Plan. Massey was the agent responsible for the contract between Trustmark and the County. Massey was familiar with and affected by the relationship between Trustmark and Total Plan. However, his financial interest was tied solely to Trustmark's contract. Massey was not an owner or employee of Total Plan nor did he have a material financial interest in that entity. The success of the scheme at the heart of this litigation required Trustmark to be the County's insurance carrier. Its success was in no way dependent on Trustmark's choice of its third party adminstrator.

Liability under these circumstances is beyond the reach of the Ethics in Government Act. A contrary interpretation would be inconsistent with the plain language of the statute and would create a never ending chain of liability extending to collateral benefits clearly not contemplated by the legislature.

Lafayette County has no viable claim against Total Plan.

Total Plan's motion [192] for summary judgment is GRANTED.

This the 11th day of March 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**